```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF INDIANA
                     SOUTH BEND DIVISION

WILLIE WALLACE,                  )
                                 )
Petitioner,                      )
                                 )
vs.                              )    NO. 3:08-CV-125
                                 )
INDIANA STATE PRISON             )
SUPERINTENDENT,                  )
                                 )
Respondent.                      )
```

OPINION AND ORDER

This matter is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.E. # 1) filed March 14, 2008, by the Petitioner, Willie Wallace. For the reasons set forth below, the Petition (D.E. # 1) is **DISMISSED** because it is untimely.

BACKGROUND

Wallace was convicted of voluntary manslaughter on March 5, 2002 by the Lake Superior Court in case 45G01-9909-175. He filed a direct appeal which was subsequently combined with a post-conviction relief appeal. That process terminated when the Indiana Supreme Court denied transfer on January 11, 2006. Wallace then filed a habeas petition in this court which he voluntarily dismissed on October 31, 2006. On March 27, 2007 he was denied

leave to file a successive post-conviction relief petition. On March 10, 2008 he signed this habeas corpus petition.

DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to preliminarily review a petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases. Under Rule 4, a district court may consider threshold constraints on federal habeas petitioners including timeliness of the petition, failure to exhaust state remedies, procedural bar, and nonretroactivity. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Habeas Corpus petitions are subject to a one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

To determine when the one year period of limitation begins, it is necessary to examine what claims Wallace is raising in this petition. Wallace attempts to raise five grounds in this habeas corpus petition: (1) improper admission of hearsay evidence, (2) improper admission of character evidence and prosecutorial misconduct, (3) ineffective assistance of trial and appellate counsel(s), (4) newly discovered evidence, and (5) a *Brady* violation. Wallace makes no suggestion that the State of Indiana physically prevented him from filing a habeas corpus petition, therefore 28 U.S.C. § 2244(d)(1)(B) is inapplicable to the facts of this case. The rights afforded in *Brady v. Maryland*, 373 U.S. 83 (1963), are not newly recognized because that case was decided more than forty years ago. Therefore, 28 U.S.C. § 2244(d)(1)(C) is also inapplicable.

Though Wallace raises a newly discovered evidence claim, he presented that claim during his combined direct appeal and post-conviction relief appeal. *See Wallace v. State*, 836 N.E.2d 985, 988 (Ind. Ct. App. 2005). Because he discovered the new evidence before the date on which the judgment became final by the expiration of

3

the time for seeking direct review, the date set by 28 U.S.C. § 2244(d)(1)(D) is earlier than that set by 28 U.S.C. § 2244(d)(1)(A). Therefore the 1-year period of limitation began on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review pursuant to 28 U.S.C. § 2244(d)(1)(A). The United States Supreme court has noted favorably that, "[t]he Courts of Appeals have uniformly interpreted 'direct review' in §2244(d)(1)(A) to encompass review of a state conviction by this Court." *Clay v. United States*, 537 U.S. 522, 528, n.3 (2003); *see also Lawrence v. Florida*, ___ U.S. ___, ___; 127 S. Ct. 1079, 1084 (2007). Therefore the time for seeking direct review of his conviction did not expire until the passage of the ninety days for filing a petition for certiorari. Sup. Ct. R. 13.1. Allotting those ninety days, the 1-year period of limitation began to run on April 12, 2006.

In this habeas corpus petition, Wallace attempts to explain why the petition was timely by stating,

> October 30th, 2006 Wallace's Federal Writ of Habeas Corpus Dismissed W/O Prejudice To exhaust state remedies. March 27th, 2007 Wallace's (Pro Se) Successive Post-Conviction Relief Petition denied, exhausting State remedy in final and not exceeding one year to date.

Petition at 9-10, DE # 1 at ¶ 15.

28 U.S.C. § 2244(d)(2) provides that the 1-year period of limitation is tolled during the time when a properly filed application for State post-conviction or other collateral review is

4

pending. After April 12, 2006, Wallace initiated two proceedings, but neither of them qualify as a properly filed State proceeding. On June 29, 2006, Wallace filed a habeas corpus petition in this court, but this is not a state court and federal proceedings do not toll the 1-year period of limitation pursuant to 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 171 (2001). On February 14, 2007, Wallace filed a petition with the Court of Appeals of Indiana seeking leave to file a successive post-conviction relief petition. Because that request was denied on March 27, 2007, he was never permitted to file a successive petition and thus never had pending a state collateral review proceeding. Therefore that filing did not toll the 1-year period of limitation pursuant to 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).") and *Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005) ("Because an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under § 2244(d)(2).") *See also Lawrence v. Florida*, ___ U.S. ___, ___; 127 S. Ct. 1079, 1084 (2007) ("§ 2244(d)(2) . . . seeks to know when an application for 'State . . . review' is pending.")

Therefore the 1-year period of limitation was not tolled by either of those proceedings and it expired on April 12, 2007.

Wallace did not sign this habeas corpus petition until nearly a year later on March 10, 2008. Therefore it is untimely.

CONCLUSION

For the reasons set forth above, the Petition (D.E. # 1) is **DISMISSED** because it is untimely.

**DATED: April 2, 2008**              /s/RUDY LOZANO, Judge
                                      **United State District Court**